**Kimberly MILLER, Plaintiff,**

v.

**AT & T, A Foreign Corporation, Defendant.**

No. Civ.A. 2:98–0808.

United States District Court,
S.D. West Virginia,
Charleston Division.

Aug. 9, 1999.

---

Mike Kelly, Charleston, WV, Lonnie C. Simmons, Law Office of P. Rodney Jackson, Charleston, WV, for plaintiff.

William E. Robinson, Michael A. Kawash, Robinson & McElwee, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

GOODWIN, District Judge.

Before the Court are cross-motions for summary judgment. The plaintiff, Miller, claims that she was entitled to leave under the Family and Medical Leave Act (FMLA) and that the defendant, AT & T, wrongfully denied it. The plaintiff's motion is premised on the defendant's failure to use the second-opinion procedures of 29 U.S.C. § 2613 to challenge her application for FMLA leave. The plaintiff, therefore, moves for partial summary judgment on the issue of liability. AT & T agrees that there are no material facts in dispute but reads the plaintiff's claim as a discriminatory discharge claim. AT & T asserts that Miller has failed to offer sufficient evidence to establish one of the elements of that claim and, therefore, asks for summary judgment on the issue of liability.

In the alternative, AT & T asserts that the application of the after-acquired evidence doctrine limits the plaintiff's ability to recover. AT & T, therefore, also moves for partial summary judgment on the issue of damages. For reasons discussed herein, the plaintiff's motion is **GRANTED** as to liability and the defendant's motion is **DENIED** as to liability and damages.

### I.

The following facts are undisputed. The plaintiff, Kimberly Miller, was employed by AT & T as an account representative at AT & T's Customer Sales and Service Center in Charleston, West Virginia from 1990 until her termination. On March 20, 1997, AT & T terminated Miller because of excessive absences.

On December 26, 1996, Miller became ill at work, and an AT & T emergency medical technician advised her to see a doctor as soon as possible. Miller did not report to work the next day and treated the illness with over-the-counter medications. Two days later, Miller had a high fever and was severely dehydrated. She saw Dr. Troy Donald Sommerville, who examined her, detected uncharacteristically low white cell and platelet counts, and diagnosed her condition as a bad case of influenza A. He administered three bags of intravenous fluids, ordered a complete analysis of Miller's blood, and scheduled a follow up visit for December 30. Dr. Sommerville authorized an excuse from work slip which indicated that Miller could not work until December 31.

On December 30, Miller was again examined by Dr. Sommerville. Miller was feeling better, but a blood test revealed no improvement. Dr. Sommerville consulted a hematologist who confirmed that the low white cell and platelet counts were consistent with a serious attack of influenza A. Dr. Sommerville then concluded that, while Miller's overall condition was improving, she should return in two weeks for additional tests. He authorized a second excuse from work slip extending her absence through January 1, 1997.

Miller returned to work on January 2, 1997. According to AT & T's established procedures, an employee seeking to have an absence covered by FMLA must complete a Family and Medical Leave of Absence Notification form (FMLA–1) to confirm baseline eligibility requirements, including confirmation that the employee has worked the requisite hours in the prior 12–month period, that the employee still has FMLA leave available, and of the remaining number of available days of leave. The employee and the employee's physician must jointly complete and submit a Certification of Health Care Provider form[1] (FMLA–2) certifying that the employee's medical condition is in fact a serious medical condition. Then, if an AT & T attendance administrator determines that the employee meets the basic eligibility requirements, both the FMLA–1 and the FMLA–2 are sent to AT & T's Health Affairs organization for a final determination. On January 27, 1997, Miller submitted both FMLA forms to AT & T. The FMLA–2 certified that Miller's condition qualified as a serious health condition, as defined in 29 C.F.R. § 825.114(a)(2), because she had a period of incapacity of more than three consecutive days and either: (1) had been treated two or more times by a health care provider, or (2) had been ordered to undergo a regimen of continuing treatment. Additionally, Dr. Sommerville's instructions, attached to the FMLA–2, stated that Miller should "recheck in 2 days, sooner or to ER if worse." Although the submission was untimely, AT & T waived the untimeliness.[2] (*See* Mem.Supp. Def's. Mot.Summ.J. at 8.)

AT & T's Health Affairs Organization received Miller's FMLA–1 and FMLA–2 forms on January 30, 1997. Maxine M. Condie, R.N., division manager at AT &

---

1. AT & T uses the Department of Labor's optional form WH–380. *See* 29 C.F.R Pt. 825, app. B (1998).

2. AT & T's waiver is a fact admitted by the defendant, not a legal conclusion made by the Court.

T's Health Affairs organization, reviewed the materials and concluded that Miller's flu did not constitute a serious health condition under the FMLA. She reasoned that the flu is generally not considered to be a "serious health condition" and, more importantly, that Miller's FMLA–2 did not provide adequate information for her to find that Miller had received sufficient medical treatment to invoke FMLA coverage. Specifically, Condie found that Miller had failed to certify that she had been treated on two or more occasions for her illness. (*See* Mem.Supp. Def's. Mot. Summ.J. at 9.) AT & T did not notify Miller of any deficiencies in her application; it simply denied it.

Before catching the flu, Miller had received a "final letter of warning" that cautioned, "A continuation of unsatisfactory attendance may result in disciplinary action, up to and including dismissal. This means that you may be dismissed on your next occurrence." (*See* Mem.Supp. Def's. Mot.Summ.J., Ex. Q.) According to AT & T's progressive system of discipline, an employee who absents herself from work while under a "final letter of warning" may be terminated. All absences, except those covered by the FMLA, are chargeable.

AT & T sent Miller a letter on March 18, 1997 denying her FMLA request, and her immediate supervisor fired her two days later. While AT & T has an informal process by which an employee can appeal a FMLA denial, Miller's supervisor informed her that an appeal would be fruitless. Mil-

ler decided to file a complaint in this Court, which she did on August 18, 1998.

## II.

■ The parties' motions for summary judgment present a fundamental disagreement as to how the plaintiff's claim should be characterized. There are two types of claims available under the FMLA. Claims of the first type, made pursuant to 29 U.S.C. § 2615(a)(1),[3] are premised on the theory that FMLA leave is an entitlement and an employee damaged by an employer's unlawful denial of that entitlement has a right to recover. *See Vasconcellos v. Cybex Int'l, Inc.*, 962 F.Supp. 701, 706 (D.Md.1997) ("The statute [29 U.S.C. § 2615(a)(1) ] makes it unlawful for an employer to deny leave to an eligible employee.") To bring a claim pursuant to § 2615(a)(1), a plaintiff must allege that the employer wrongfully denied a FMLA benefit and that she suffered a legal injury as a result of the defendant's denial. *See id.* (stating that § 2615(a)(1) claim was sufficient because "Plaintiff suffered legal injury as a result of Defendant's actions"). A § 2615(a)(1) claim does not require proof of any particular intent. *See* 29 U.S.C. § 2615(a)(1).

■ Claims of the second type are premised on the theory that an employer may not discriminate against an employee who asserts a right under the FMLA. Authorized under 29 U.S.C. § 2615(a)(2),[4] such claims may be brought against an employer who makes an adverse employ-

---

**3.** Section 2615(a)(1) provides, "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

Section 2612(a)(1) enumerates rights that are actionable under § 2615(a)(1). Section 2612(a)(1) states:
[A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12–month period for one or more of the following:
(A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

(B) Because of the placement of a son or daughter with the employee for foster care.
(C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.
29 U.S.C. § 2612(a)(1).

**4.** Section 2615(a)(2) provides, "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made

ment decision against an employee because the employee exercised a substantive FMLA right. *See Cline v. Wal–Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998). FMLA discrimination claims mirror Title VII retaliation claims. *See id.* Thus, to make a *prima facie* discrimination claim, the plaintiff must allege "that he engaged in a protected activity [under the FMLA], that the employer took adverse action against him, and that the adverse action was causally connected to the plaintiff's protected activity." *Id.; see Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir.1989).

The plaintiff, in her motion for partial summary judgment, claims that she was entitled to FMLA leave for her flu-related absence and that the defendant wrongfully denied her request. She therefore construes her complaint as an action for wrongful denial of FMLA benefits, a claim of the first type. AT & T, however, denies that the complaint can be read as a claim for the wrongful denial of FMLA benefits. It construes the complaint as a claim based solely on a discriminatory discharge, a claim of the second type.

### III.

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the non-moving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

### IV.

#### A.

The complaint asserts that Miller's termination was unlawful. It does not necessarily follow, as the defendant argues in its motion for summary judgment, that the complaint is one for discriminatory discharge under § 2615(a)(2). *See* 29 U.S.C. § 2615(a)(2). It is undisputed that Miller's claim for FMLA coverage for her December 26 through January 1 absences had been denied and that this denial was a cause of her discharge. (*See* Mem.Supp. Def's Mot.Summ.J. at 11; Mem.Supp. Pl.'s Mot.Part.Summ.J. at 19.) The Court **FINDS** that Miller's claim is that she was entitled to FMLA leave for her flu-related absences and that AT & T wrongfully denied her FMLA request. The defendant's motion for summary judgment is **DENIED** as to liability.

#### B.

There are two essential elements to an unlawful denial of FMLA benefits claim.[5]

unlawful by this subchapter." 29 U.S.C. § 2615(a)(2).

**5.** Additionally, the FMLA plaintiff must prove that she was employed by her employer for at least twelve months prior to making her application for FMLA leave and that she worked at least 1250 hours during the twelve months prior to filing the application. AT & T admits

The employee must allege that the employer wrongfully denied a FMLA benefit and that she suffered a legal injury as a result of the defendant's denial. The plaintiff bears the burden of proof on both elements.

The FMLA and its accompanying regulations define with some clarity what absences qualify for FMLA leave. The statute provides that eligible employees are entitled to up to twelve weeks of unpaid leave when the employee has a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). Employers may require that the employee's leave request be supported by a certification issued by the employee's heath care provider. *See* 29 U.S.C. § 2613(a); 29 C.F.R. § 825.305(a). The certification must contain sufficient information to apprise the employer of the nature of the employee's "serious health condition." Under the FMLA, a certification is sufficient if it states:

(1) the date on which the serious health condition commenced;

(2) the probable duration of the condition;

(3) the appropriate medical facts within the knowledge of the health care provider regarding the condition; [and]

(4) . . .

(B) . . . a statement that the employee is unable to perform the functions of the position of the employee.

29 U.S.C. § 2613(b).

AT & T required Miller to support her FMLA leave request with a medical certification. AT & T provided Miller a form that was identical to the Department of Labor's suggested form in all material respects. Miller and Dr. Sommerville completed the medical certification form and submitted it to AT & T.

Here, AT & T challenges both the sufficiency and the validity of Miller's medical certification. First, AT & T contends that Miller's certification is insufficient because it failed to provide adequate information about her flu. Second, AT & T contends that Miller's certification is invalid because the flu cannot qualify as a serious health condition.

■ The record is clear that the certification was sufficient. *See* 29 U.S.C. § 2613(b) (stating that if certification meets certain requirements "it shall be sufficient"). Dr. Sommerville stated that Miller's flu qualified as a "serious health condition" under the FMLA and supported his position with medical facts and supporting documentation.[6] He stated the date the "serious health condition" commenced and the duration of the condition. Finally, he stated that Miller was unable to perform the functions of her position for the duration of her flu. An employer may not require additional information. *See* 29 C.F.R. § 825.306(b) ("Form WH–380 [the Department of Labor's suggested form] . . . or another form containing the same information may be used by the employer; however, no additional information may be required."). Therefore, the Court **FINDS** that Dr. Sommerville's certification was sufficient.

AT & T also contends that Miller's certification was invalid because the flu cannot qualify as a "serious health condition." In support of its position, AT & T relies upon the language of 29 C.F.R. § 825.114(c), which states in pertinent part, "Ordinarily, unless complications arise, . . . the flu, . . . etc., are examples of conditions that do not meet the definition of a serious health condition and do not qualify for FMLA leave." 29 C.F.R. § 825.114(c). AT & T also cites *Brannon v. OshKosh B'Gosh,*

that the plaintiff has satisfied these requirements. (*See* Mem.Supp. Def's. Mot.Summ.J. at 8.)

**6.** AT & T's medical certification form differs from the Department of Labor's in that AT &

T's form does not require the doctor to provide medical facts regarding the employee's own medical condition. Nevertheless, Dr. Sommerville provided medical facts to support the conclusion that Miller had a "serious health condition."

*Inc.* in support of its contention. *Brannon v. OshKosh B'Gosh, Inc.*, 897 F.Supp. 1028 (M.D.Tenn.1995). In *Brannon*, the court stated, "Although the flu patient may pass the three-prong test, flu is specifically excluded from coverage." *Id.* at 1036 n. 8.

■ However, this Court **FINDS** that the "statutory scheme is designed to have medical determinations made by health care providers, rather than the courts." *Sims v. Alameda–Contra Costa Transit Dist.*, 2 F.Supp.2d 1253, 1261 (N.D.Cal. 1998). The language of 29 C.F.R. § 825.114(c) is clear—*ordinarily* the flu does not qualify as a "serious health condition." However, whether or not a particular case of the flu qualifies as a serious health condition is and should be left to the informed discretion of medical doctors. The Department of Labor's own interpretation of its regulations support this assertion. "Employers may not substitute their personal judgments for the test in the regulations or the opinions of the health care providers of employees ... to determine whether an employee is entitled to FMLA leave for a serious health condition." 60 Fed.Reg. 2180, 2235 (1995) (responding to comments by Small Business Administration).

■ An employer who wishes to contest the validity of a medical certification must use the second-opinion procedures of § 2613(c)–(d).[7] *See* 29 U.S.C. § 2613(c)–(d); *Sims*, 2 F.Supp.2d at 1262 ("The ... second and third opinion process is the exclusive verification option for an employ-er who has reason to doubt the validity of the employee's original certification."). While the second-opinion process is pending, the employee is provisionally entitled to the benefits of the FMLA. *See* 29 C.F.R. § 825.307(a)(2). Thus, upon the submission of a sufficient medical certification, an employee is entitled to "FMLA protection unless and until there is contrary medical evidence." *Sims*, 2 F.Supp.2d at 1262.

The record is clear that AT & T did not require Miller to seek a second opinion. AT & T simply denied the claim and considered Miller's absences from December 26 through January 1 as a factor in its decision to fire her. In so doing, AT & T abridged Miller's rights under the FMLA. Therefore, the plaintiff's motion for partial summary judgment is **GRANTED.**

### V.

The defendant seeks partial summary judgment on the issue of damages. The defendant claims that evidence it has acquired in the course of this litigation limits plaintiff's ability to recover. (*See* Mem. Supp. Def's. Mot.Summ.J. at 29–30 (citing *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995)).) The defendant alleges that it could have lawfully terminated Miller on May 29, 1997 because, by this date, it had determined that Miller's additional absences on January 21, 1997 and January 31, 1997 were not covered by the FMLA. Consequently, the defendant

---

7. Section 2613(c) provides as follows:

In any case in which the employer has reason to doubt the validity of the certification provided under subsection (a) of this section for leave [for a serious health condition of the employee], the employer may require, at the expense of the employer, that the eligible employee obtain the opinion of a second health care provider designated or approved by the employer concerning any information certified under subsection (b) of this section for such leave.

29 U.S.C. § 2613(c). Section 2613(d) provides as follows:

In any case in. which the second opinion described in subsection (c) of this section differs from the opinion in the original certification provided under subsection (a) of this section, the employer may require, at the expense of the employer, that the employee obtain the opinion of a third health care provider designated or approved jointly by the employer and the employee concerning the information certified under subsection (b) of this section.

(2) **Finality**

The opinion of the third health care provider concerning the information certified under subsection (b) of this section shall be considered final and shall be binding on the employer and the employee.

29 U.S.C. § 2613(d).

claims that Miller is not entitled to reinstatement or front pay and that her damages should be limited to the period from her termination to May 29, 1997.

The defendant alleges that there are no material facts at issue on this point and demands summary judgment in its favor. To agree, the Court would have to find, as a matter of law, that AT & T could have lawfully terminated Miller because of additional non-excused absences. The Court **FINDS** that genuine issues of material fact exist as to whether Miller's absences were covered by the FMLA and, accordingly, **DENIES** the defendant's motion.

## VI.

The plaintiff's motion for partial summary judgment is **GRANTED** as to liability. The defendant's motion is **DENIED** as to liability and **DENIED** as to damages.

The Court directs the Clerk to **ENTER** judgment on behalf of the plaintiff on the issue of liability.